IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SCHRECE DAVILLIER, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:12-CV-2413-D |
| VS. § | |
| § | |
| SOUTHWEST SECURITIES, FSB, § | |
| et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Proceeding *pro se*, plaintiffs have "re-filed" in this court a complaint that is nearly identical to one that was previously dismissed by the United States District Court for the Central District of California. Defendants move to dismiss under Fed. R. Civ. P. 12(b)(3) for improper venue and based on collateral estoppel. Because the court concludes that collateral estoppel bars the parties from relitigating the enforceability or applicability of the forum selection clause in the parties' settlement agreement, and that the application of that clause requires dismissal under Rule 12(b)(3), the court grants defendants' motion.

I

In 2007 plaintiffs Schrece and Kenny Davillier ("the Davilliers") finalized construction of a residence in Cedar Hill, Texas. They had intended to refinance their construction loan into a fixed-rate mortgage. As construction was nearing completion, the Davilliers began to inquire with different banks and lenders regarding interest rates and

closing costs.

Beginning in September 2007, the Davilliers were notified that there were late payments on their credit report. Over the course of several months, the Davilliers contacted defendant Southwest Securities, FSB ("Southwest") numerous times. They were assured each time that the errors on their credit report would be corrected. In December 2007 the Davilliers signed loan documents that converted their construction financing agreement into a permanent mortgage. At closing, Southwest assured the Davilliers that their credit report was being corrected. In April 2008 Southwest stated in a letter to the Davilliers that there had been no late payments during their loan term and that Southwest had attempted to correct the error on February 27, 2008.

In April 2008 the Davilliers entered into a forbearance agreement. According to their complaint, they agreed "reluctantly [and] under duress" to pay $4,126.63 to Southwest. Compl. ¶ 27. They entered into a second forbearance agreement in August 2008. After they signed the second forbearance agreement, the Davilliers were informed that Southwest had requested that one of the credit reporting agencies remove the negative information reported on their credit report. A September 29, 2009 credit report, however, still reflected a late payment on the Davilliers' mortgage.

The Davilliers allege that, as a result of Southwest's actions, they were forced to file three successive bankruptcy cases in the United States Bankruptcy Court for the Northern District of Texas, all of which were dismissed. After filing a complaint with the Office of

Thrift Supervision, they sued Southwest and other defendants in Dallas County court. Southwest, in turn, sued the Davilliers in Tarrant County court seeking a deficiency judgment. The Davilliers responded by filing suit and seeking a temporary restraining order in Tarrant County court.

In 2010 the Davilliers and Southwest settled the Tarrant and Dallas County cases through mediation. Under the Compromise Settlement Agreement and Mutual Release ("Settlement Agreement"), the Davilliers agreed to release all claims that were or could have been asserted in the Dallas County or Tarrant County suits.[1] Section 7.1 of the Settlement Agreement (the "Forum Selection Clause") contained a forum selection clause that provides

---

[1]Specifically, the Settlement Agreement provides that the Davilliers

> fully release[], discharge[], and forever hold[] harmless [Southwest] . . . of and from any and all claims, demands, damages, suits, rights, actions and causes of action of whatever kind or character, known or unknown, fixed or contingent, liquidated or unliquidated, whether asserted or not asserted in the TARRANT COUNTY SUIT or the DALLAS COUNTY SUIT, whether arising out of tort or contract, law or equity, statutory law or common law, or any other basis or claim which [the Davilliers have] ever had or which [they] may now have, whether known or unknown, foreseen or unforeseen, asserted or unasserted, of any kind character or nature, including without limitation those arising out of or by reason of or connected in any way with the subject matter of the TARRANT COUNTY SUIT and the DALLAS COUNTY SUIT, including but not limited to claims and allegations that were or could have been alleged in the TARRANT COUNTY SUIT and the DALLAS COUNTY SUIT.

Ds. App. 399.

that "[e]xclusive venue for any suit related in any way to this [Settlement Agreement] shall be in the state district courts of Tarrant County, Texas." Ds. App. 401.

In 2011 the Davilliers filed suit in the United States District Court for the Central District of California ("California Action") against defendants Southwest, Jerry Pavlas ("Pavlas"), Michael D. Jarrett ("Jarrett"), and Randy Agnew ("Agnew") alleging claims for violation of the Real Estate Settlement Procedures Act, breach of fiduciary duty, negligent misrepresentation, fraudulent concealment, intentional infliction of emotional distress, and aiding and abetting.[2] They included in their complaint a motion to toll any statutes of limitations and a motion to vacate the Settlement Agreement.

Southwest moved under Rule 12(b)(3) to dismiss the California Action for improper venue, arguing that the Forum Selection Clause in the Settlement Agreement made the state district courts of Tarrant County, Texas the exclusive venue for any dispute related to the Settlement Agreement. In March 2012 the California court granted Southwest's motion and dismissed the claims against Southwest pursuant to Rule 12(b)(3). In April 2012 the court granted a motion to dismiss the claims against defendants Pavlas, Jarrett, and Agnew (the "Individual Defendants"). It concluded that, because the Individual Defendants were employees of Southwest and because the Settlement Agreement covers any employee of

---

[2]In deciding defendants' motion to dismiss, the court is permitted to refer to matters of public record. *E.g. Rolls-Royce Corp. v. Heros, Inc.*, 576 F.Supp.2d 765, 775 (N.D. Tex. 2008) (Fitzwater, C.J.) ("'Federal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss.'" (quoting *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995))).

Southwest, the Individual Defendants were within the scope of the Settlement Agreement and the claims against them were governed by the Forum Selection Clause.

In July 2012 the Davilliers "re-filed" a petition against Southwest and the Individual Defendants, alleging the same facts and causes of action as they had alleged in the California Action. Defendants now move to dismiss under Rule 12(b)(3) for improper venue and based on collateral estoppel.[3]

## II

### A

Defendants appear to seek a dismissal based both on collateral estoppel and under Rule 12(b)(3). They contend, first, that collateral estoppel precludes this court from revisiting the issue of the validity and applicability of the Forum Selection Clause in the Settlement Agreement. They posit, second, that the Forum Selection Clause is presumptively valid and that the Davilliers have not met their burden of establishing unreasonableness.

The Davilliers respond that, although they titled their complaint a "Re-Filed Petition," the complaint "stands on its own theory and merits." Ps. Br. 2. They maintain that they do not challenge the requirements to override a forum selection clause, but instead seek

---

[3]In response, the Davilliers have filed a "motion in opposition to defendants motion to dismiss for improper venue, points authorities and brief in support of filing venue, and/or alternatively motion requesting leave to amend and brief in support." Ps. Br. 1. Although the Davilliers appear to seek leave to amend, they do not specify how or on what basis they would amend their complaint. Accordingly, to the extent the Davilliers seek leave to amend, their motion is denied.

- 5 -

to invalidate the Settlement Agreement in its entirety. The Davilliers also request that their complaint be allowed to remain in this court.

B

The court turns initially to defendants' argument that collateral estoppel precludes the court from revisiting the validity and applicability of the Forum Selection Clause in the Settlement Agreement.[4] Under the doctrine of "collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)). The preclusive effect of a prior federal court judgment is controlled by federal collateral estoppel jurisprudence. *See Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1269 n.4 (5th Cir. 1986) ("We apply federal law to the question of the *res judicata* or collateral estoppel effect of prior federal court proceedings, regardless of the basis of federal jurisdiction in either the prior or the present action." (citing *Freeman v. Lester Coggins Trucking, Inc.*, 771 F.2d 860, 862 (5th Cir. 1985))). Under federal law, the doctrine of collateral estoppel applies when the following three requirements are met:

> (1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in

---

[4]Defendants contend that the court should "dismiss Plaintiffs' Re-filed Petition in light of Judge Klausner's orders upholding the Tarrant County venue clause." Ds. Br. 9. Because defendants do not move for dismissal under Rule 12(b)(6) based on the affirmative defense of collateral estoppel, the court will only address their collateral estoppel argument as a basis for dismissing the complaint under Rule 12(b)(3).

> the prior action; and (3) the determination of the issue in the prior action must have been a necessary part of the judgment in that earlier action.

*RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1290 (5th Cir. 1995) (citing *In re Davis*, 3 F.3d 113, 114 (5th Cir. 1993)).

It is undisputed that the question whether the Forum Selection Clause of the Settlement Agreement required the dismissal, based on improper venue, of any suit filed outside of the state district courts of Tarrant County, Texas was "actually litigated" in the California Action, and that the validity and applicability of the Forum Selection Clause was a necessary part of the court's judgment dismissing the Davilliers' claims against Southwest and the Individual Defendants. The requirement that the issue at stake in the present action be identical to the one involved in the California Action is easily satisfied. Although the Davilliers argue that their complaint in this case "stands on its own theory and merits," Ps. Br. 2, a side-by-side comparison of the instant complaint and the complaint in the California Action demonstrates that the two are nearly identical. Plaintiffs have sued the same defendants, based on the same facts; they have asserted the same causes of action; and they seek the same relief in this and the California Action. And, as in the California Action, defendants are seeking a dismissal of the Davilliers' claims based on Rule 12(b)(3), because the Forum Selection Clause of the Settlement Agreement requires that "[e]xclusive venue for any suit related in any way to [the Settlement Agreement] shall be in the state district courts of Tarrant County, Texas." Ds. App. 401. Because the present case involves the

same issue as the one presented in the California Action—i.e., whether the Forum Selection Clause of the Settlement Agreement precludes the Davilliers from suing Southwest and the Individual Defendants in any forum other than the state district courts of Tarrant County, Texas—collateral estoppel precludes the parties from relitigating in this case the validity or applicability of the Forum Selection Clause.

C

Even if the doctrine of collateral estoppel does not apply, the Davilliers' action must be dismissed under Rule 12(b)(3) on a separate ground. In this circuit, a motion to dismiss based on a forum selection clause is properly brought under Rule 12(b)(3). *See Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir. 2005) ("Because our court has accepted Rule 12(b)(3) as a proper method for seeking dismissal based on a forum selection clause, we need not decide whether a Rule 12(b)(1) motion would be appropriate." (citations omitted)). When the court considers a motion to dismiss based on a forum selection clause, it applies the standard set out in *M/S Bremen and Unterweser Reederei, GmBH v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972). *See, e.g., Bonded Inspections, Inc. v. Northrop Grumman Corp.*, 1998 WL 185518, at *2 (N.D. Tex. Apr. 10, 1998) (Fitzwater, J.) (addressing dismissal or transfer under 28 U.S.C. § 1406(a)). Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Launey v. Carnival Corp.*, 1997 WL 426095, at *1 (E.D. La. July 25, 1997) (internal quotation marks omitted) (quoting *M/S*

*Bremen*, 407 U.S. at 10).

> Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991); *M/S Bremen*, 407 U.S. at 12-13, 15, 18). The party who seeks to avoid application of a forum selection clause "bears a heavy burden of proof justifying its avoidance." *Launey*, 1997 WL 426095, at *2.

The Davilliers request that their complaint "be allowed to remain in its present venue and continued litigation," Ps. Br. 15, but they provide the court with no basis on which to avoid the application of the Forum Selection Clause of the Settlement Agreement. They do not argue that the incorporation of the Forum Selection Clause into the Settlement Agreement was the product of fraud, that the enforcement of the Forum Selection Clause will deprive them of their day in court, that they will be deprived of a remedy, or that there is any strong public policy weighing against enforcement of the Forum Selection Clause. *Haynsworth*, 121 F.3d at 963. Accordingly, because the Forum Selection Clause is presumptively valid and the Davilliers have not met their burden to establish its unreasonableness, the court must conclude that the Forum Selection Clause controls in this

- 9 -

case and requires dismissal of the Davilliers' lawsuit pursuant to Rule 12(b)(3).

III

Defendants request that the Davilliers be enjoined from filing any lawsuit related to the Settlement Agreement in this district or any other improper venue and that they be ordered to reimburse defendants for their attorneys' fees incurred in moving to dismiss. The court denies this request.

First, defendants have not filed a counterclaim seeking any form of affirmative relief, including an injunction. They appear to rely on this court's inherent authority. This court usually exercises such authority after warning a vexatious litigant of the consequences of future conduct. No such warning has been given.

Second, defendants appear to rely on this court's inherent authority to support their request for attorney's fees. But "the standard for the imposition of sanctions using the court's inherent powers is extremely high." *Pillar Panama, S.A. v. DeLape*, 326 Fed. Appx. 740, 744 (5th Cir. 2009) (per curiam) (quoting *Goldin v. Bartholow*, 166 F.3d 710, 722 (5th Cir. 1999)); *see also Johnson v. Hankook Tire Am. Corp.*, 449 Fed. Appx. 329, 332 (5th Cir. 2011) (per curiam) ("When inherent powers are invoked . . . they must be exercised with restraint and discretion." (internal quotation marks and citations omitted)). The court concludes that the extremely high standard has not been met.

Although the court denies defendants' requests for an injunction and attorney's fees, the court warns the Davilliers that filing further litigation (1) against some or all defendants, (2) in a court other than a state district court of Tarrant County, Texas, and (3) that is covered

by the Forum Selection Clause of the Settlement Agreement may subject them to sanctions.

* * *

For the foregoing reasons, defendants' September 20, 2012 motion to dismiss pursuant to Rule 12(b)(3) is granted, and, by judgment filed today, this action is dismissed without prejudice to being refiled in a state district court of Tarrant County, Texas.

**SO ORDERED.**

December 5, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE